UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SANCHEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>RIVERSIDE COUNTY CODE ENFORCEMENT AGENCY, et al.,<br><br>         Defendants. | Case No. EDCV 15-2493 SJO(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all documents filed in connection with the Motion to Dismiss filed by the defendants, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"). The Court approves and accepts the Report and Recommendation.

IT IS HEREBY ORDERED: (1) the Motion to Dismiss is granted for the reasons stated in the Report and Recommendation; (2) the Complaint is dismissed with leave to amend; and (3) if plaintiff still wishes to proceed with this action, he shall file a First Amended Complaint within fourteen (14) days of the entry of this Order.[1]

---

[1] Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must

(continued...)

1  **Plaintiff is cautioned that the failure timely to file a First Amended**
2  **Complaint may result in the dismissal of this action with or without prejudice**
3  **based upon his failure to state a claim/the grounds explained in the Report**
4  **and Recommendation, plaintiff's failure diligently to prosecute and/or**
5  **plaintiff's failure to comply with this Order.**
6      IT IS FURTHER ORDERED that the Clerk serve copies of this Order and
7  the Report and Recommendation on plaintiff and counsel for defendants.
8      IT IS SO ORDERED
9      November 15, 2016
10 DATED: _____

*S. James Otero*
_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

---

<sup>1</sup>(...continued)
include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b));
(f) state claims founded on a separate transaction or occurrence in separate counts as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and when, as well as how each individual's conduct specifically violated plaintiff's rights; and (i) not add new defendants or claims without leave of court, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).